I'll also reserve two minutes for my reply, if it's okay with the Court. May it please the Court, my name is Brian Rademacher, and I'm an attorney with the Federal Public Defender's Office. We represent Mr. Pimentel. I think I have some answers for you, Judge Fletcher, in terms of why we can get to the point on the issue that we both share in these cases. I've been struggling with this and thinking about it a lot, but I think intuitively, when we read this guideline, we read into the new 2001 version that it includes aggravated felony. I've cited a number of cases in which the circuit courts, although they have not been dealing with that as an issue and are holding in the case, have read the guideline and they automatically go to the reason for amendment and they look at the intent stated by the Sentencing Commission. I think even the government agrees in this case with the fundamental rule of statutory construction, which is that typically the language of the statute controls if it's plain, absent a clear contrary intent of the legislative body. And that's what we have in this case. If we look to the reason for amendment, the Sentencing Commission could not have been clearer. In the second paragraph of that, it starts out, it says, this amendment responds to the concerns that Ms. Bowman was speaking about by providing a more graduated sentencing enhancement of between 8 levels and 16, depending on the seriousness of a prior aggravated felony and the dangerousness of the defendant. I think that's a clear statement that the commission intends that the 8 to 16 levels, and that would include the 16 level, be applied only if there's a prior aggravated felony. Now, this Court has stated before that the intent of the Sentencing Commission should carry more weight. And the reason for that is that it's the commission itself that writes these reasons for amendment, writes the commentary, and writes the guideline itself. Unlike when we're dealing with congressional history, the legislative intent may be the intent of a staff member, may be the intent of a subcommittee, but it is not necessarily the intent, the objective of the entire Congress. But here it is. So I think we've got a clearly clear expression of contrary legislative intent. So under fundamental rules of statutory construction, we cannot read this the way the government urges because of that contrary intent. So I think that's a starting point. And one of the cases that we've cited, the Supreme Court case of Rosello, is already in our brief. But it is true, both in the Coronado de Rosso case, the Court said we always look to intent. Even if the language has a plain meaning, we're going to look to intent to make sure that it isn't contrary to that intent. But that's just one of the rules of statutory construction I see as leading to the interpretation that we urge on this, because it is contrary to the clear expressed legislative intent of the Sentencing Commission. But this Court, I think, applies sort of a holistic approach when it looks at statutory construction. And unfortunately, at the time we briefed this, I was focusing mostly on the intent. And it seems to me, because that is the bottom line in this case, no matter what else the other rules of statutory construction are, I think this one controls the outcome. But I think if we start looking at the history, the structure of the guidelines, we take common sense views, and if we look at the results that will occur as a result of the government's reading of this, we come to the conclusion that it can't be read that way. The history of this guideline, 2L1.2, is such that it's always been connected to the aggravated felony statute from its beginning. What is qualified for a 16-level enhancement has essentially evolved with the definition that we find in the aggravated felony statute. It has usually mirrored that definition, but it's never been broader than that. In this case ---- Wouldn't you think that the people who wrote, then, the guideline would know that history and know it referred to aggravated felony, and yet aggravated was not put into the commentary at all? I think ---- And the definition just simply said felony. I agree with the definition of felony. If we read the felony, the term felony, if we read that in Section B1A, it means felony alone. But I think that's an isolated view. I think we have to go beyond that. I think we have to ---- Do you think it was a mistake? Yes, I think it would be. I think it is a mistake. We could categorize it. But I think that the commission just so intuitively assumed that the reason that it added felony in that was not to replace the term aggravated felony, but add to the requirement of aggravated felony. When we look at statute, when we look at the structure of the B2L1.2, for an illegal reentrant, even to get a four-level enhancement, the individual has to have a felony to begin with. You can't get more of an enhancement beyond that to an eight-level one unless you have an aggravated felony. Now, it makes sense that if it takes a felony to get a four-level increase and it takes an aggravated felony to get an eight-level increase, if we're going to double that from eight to 16, then it makes sense that it should be a felony that is an aggravated felony in the 16 level. Well, I think what the commission is doing is it's adding the word felony on top of aggravated felony in the guideline. It didn't mean to replace the aggravated felony. Let me try the following argument. Okay. Which is intended to be a sympathetic argument. As I read the guideline, the new guideline, there's some inherent analytic nonsense. That is to say, in B1A and B, they talk about felonies without specifying that they would be aggravated felonies, although certain of these felonies, as defined, are necessarily aggravated felonies. And then as to C, they say, here's what you do for an aggravated felony. In other words, we have two contradictory instructions as to what we do for certain kinds of aggravated felonies. Now, the definition of crime of violence does not necessarily fall under that because some crimes of violence as defined here may or some may not be aggravated felonies, but some I think are necessarily aggravated felonies as defined there, which means that you've got a flat conflict. What do you do when something is an aggravated felony under C, which says eight levels, and when something is also under the other one? Which one are you supposed to choose? It doesn't tell you which one you're supposed to choose. Well, I think that the ‑‑ I haven't read it just recently, but I think perhaps in 2L1.2 there is a provision, as there has been, which is whatever definition it fits, you take the greater enhancement for. So if it fits, if it would fit the B1A, I'm making the government's case for them, if it fits that definition, then you get a 16-level enhancement. If it fits the lower definition, you get an eight-level enhancement. But I think what the commission is doing here because of the structure, it has decided ‑‑ and it says this, this is what it says in its reason for amendment. It wants to take only the most serious aggravated felonies and give them the 16-level enhancement. And so what it has done, it has said, here are the aggravated felonies. Now, it's interesting that what it did do, it specifically addressed and it changed the definition of crime of violence. But if you look at the statute, 1101A43F, the way the statute is worded, it says crime of ‑‑ crime of violence is included as an aggravated felony, but it says crime of violence, and then in parentheses, as defined in 8 U.S.C. 16, for which the individual has had a year or more imprisonment. Now, what's interesting about this is that the commission didn't replace that temporal requirement in the guideline. And I think it still has to be read into the guideline. So I think what all they've done in terms of the change that they made to the crime of violence was giving it a new definition. They narrowed it, actually. What they did was they eliminated crimes which only had a risk of force, and they eliminated crimes from the definition of crime of violence which only used force against the property. So if we say that ‑‑ excuse me, counsel. I hate to interrupt you, but be little to one, crime of violence means an offense under Federal, State, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another. Yes. And I'm sorry. Maybe I'm mistaking myself. But the narrowing definition, the definition used to be found in 8 U.S.C. 516. That definition included force against persons or force against property. And so what the commission has done, it has eliminated as part of the definition here the force against property. It only is force against the person. All right. I thought you were saying it eliminated anything but the other crimes. Please continue. It's also eliminated the requirement that there be in 18 U.S.C. section 16, there would be a substantial risk of force. And so the guideline has now taken that out and said, no, it has to at least have as an element the use of force or attempted use of force. So what the commission is actually doing here, it is trying to narrow the number of crimes of violence that can get 16-level enhancements. The government's definition will actually increase the pool of crimes of violence that are going to get the 16-level enhancement because those crimes of violence which previously only received a four-level enhancement under the statute are now all going to be swept in and be treated the same as murder on a 16-level enhancement. And what's important, you know, the sentencing commission, and I think it's widely recognized by the courts, that how much time an individual receives for the prior conviction is a very important measure of the seriousness of the offense. I think we understand that. Listen, you've run up to the end of your time. We'll give you a question. As long as the bench wants questions, we're here. Assuming that these guidelines, speaking for myself, are sort of incomprehensible, but assuming that we disagree with you, shouldn't at least in your case, this case be remanded for the district judge to apply the categorical or modified categorical approach since your defendant got only 30 days? Wouldn't that be required in this case? Our whole second set of issues is in agreement with that, Judge. Even if it's not required to be an aggravated felony, we believe that the government hasn't shown any – there are no judicially noticeable documents in the record, and the statute at issue in our case is overly inclusive. So our client has already served 18 months imprisonment and would have only served a range of 8 to 14 months, would be entitled – should be entitled to release right now unless the government can introduce judicially noticeable documents that show that it is a felony, because we say that under the revised Washington Code statute that's involved here, he may only have had a simple – a misdemeanor simple assault. He may also have had an assault that was committed negligently, and this Court has said that you can't have a negligent crime of violence. So for those two reasons – Thank you. Yes, Your Honor. I just wanted to get that on the record. Judge Elson, I have a question. Your brief – you did not raise that issue below about the – what was the statute of conviction. Is that correct? Yes, Your Honor. That's correct. We did not get into that. All right. So this Court would have to reach that as a matter of plain error. Is that correct? No, I disagree. All right. What would be the standard? The case has been cited in the government's briefs, the Flores-Payon case. In that case, there are three exceptions, and there are three reasons why I think the government can – one of which is why the Court can reach this issue, one of which is plain error. The first one, mentioned in Flores-Payon, is that if this issue is one purely of law and there is no prejudice to the government, then the Court can hear that on appeal. This case – this Court has stated in the Portillo-Mendoza case that's in our brief and also in the recent case that I cited in the Rule 28, Huerta-Guevara. In both of those cases, this Court has made it absolutely clear that what constitutes an aggravated felony and what get enhancements are purely legal issues. And there is no prejudice to the government because what this Court does, consistent with Matthews II's decision, is it would remand it to the district court and allow the government the chance to introduce whatever judicially noticeable documents it would like. But I'm not following that point. But let me jump to the main issue that I have. Your brief does not tell us what the statute of conviction was. And of all people, you and your client who committed the crime ought to know. Isn't this a completely hypothetical exercise? Put yourself in the position of the poor district judge. If this Court remands and it turns out that everything is in order and you didn't tell us all along that this would have qualified and so forth, the poor district judge is saying, why did that appellate court send this case back down for a ministerial act? So what was the statute of conviction? You ought to know. Yes. Maybe I've misunderstood the Court, but we did discuss that in our opening brief. It's all hypothetical. What was the statute of what are you going to show on remand or what is the government going to show on remand was the statute of conviction. And that is not in the record. I understand that. But you may have the burden of showing prejudice. Well, I think under this Court's case law, that the PSR did say that the prior conviction was assault in violation of a court order. What we did is we went and we analyzed the Washington Code statutes. And this Court has said when the PSR mentions generically the name of the offense, it will try to match the offense that appears in the state's statutes. And that's what we did in our analysis on appeal. We matched it to the statute at issue is 99.040. I'd have to take a look at that. But haven't you done enough homework to tell us what it actually was? Don't you know what it actually was as opposed to hypothetical? Do I have the judicially noticeable document? Yes, that's what I'm saying. I do have that, Your Honor. Well, what is it? It's not in the record. I know it's not in the record. But are we just going to immediately? It is that statute. It is 99.0, the one we said, violation of a court order. All right. Now, I've got the next. The site is in the. That's fair enough. Can I just. I have one other question. You said in your brief that this was a, quote, class C felony. And by this I mean the underlying conviction. Correct. What do you base that statement on? I base that on a reading of the Washington Code. When, Your Honor, when we look at the Washington Code, the one that's involved here, which is the violation of a court order, and that is statute 10-99.040, subsection 4 talks about violation of a court order when it's committed by assault is a class C felony. So then we look to other parts of the Washington Code to determine what a class C felony is. What's important in this is that under this Court's analysis as well, the core offense, the one that would qualify for any enhancement is assault, not the violation of a court order. A violation of a court order is not an aggravated felony. It's not mentioned in B1A. The only one possible is the assault. You could commit violation of a court order by committing a third-degree assault or a fourth-degree assault under Washington law. Under third-degree assault, you may commit an assault negligently, and that doesn't qualify for enhancement. If it's a fourth-degree assault, it may be misdemeanor, simple assault, and that, too, would not qualify because the maximum punishment would have been a year in prison. Under B1A, the current guideline, you have to have at least a felony. Here, this would not be a felony. All right. I understand that argument. I have one last question. When you referred to class C, were you referring to a State regime or a Federal regime? The State regime. All right. That's all I need to know. Thank you. Would Your Honor like to cite that? No, no, no. Actually, I would if you have that. Sure. What is that? There's a set of statutes that are referred to in the violation of the court order statute. 9A.20. 9, say it again, 9A? 9A.20. 2-0. That's the classification system for Washington crimes, and it includes class C felonies. It also talks about gross misdemeanors. But the statute which actually talks about the penalty for violation of court orders is one we've mentioned in our brief as well, and that is 26.50.010. That also refers to violation of a court order by assault, being a class C felony. All right. There was just one other point that I think would be helpful to the Court. Is it responsive to my question? Because we're out of time here. If it is, go ahead. The one about plain error, I believe if the Court looks at the Portillo-Mendoza case, it indicates that it is always the duty of the district court to analyze the statute to make sure it is not overly inclusive. And so even in that case, although the argument hadn't been presented below to the district court, this Court reversed on a plain error review and said that is the law of the circuit, and the district court has to follow it whether it's brought to its attention or not. All right. Thank you. Okay. Thank you very much. We've taken you substantially over. We'll give you 30 seconds in rebuttal in case there is something you need to rebut. Thank you. May it please the Court? Chris Cavanius from the District of Arizona. I'd like to address Judge Alsop's question first, and that is this is plain error review. I think when you don't make an objection to the PSR's statement of what the crime is, what the facts are, you never ask the district court to find whether or not this crime meets the guideline definition, which is a new argument on appeal, that this is a plain error review case. I don't know if the court ---- May I just interrupt for a moment, then? You bet. Isn't it the government's burden to point to the statute that's involved? Not the burden on the defendant, but isn't it the government's burden to point to the statute and to indicate either on the categorical approach, the modified categorical approach, that this would apply in this case? I think, actually, Your Honor, in multiple situations, whether it be at trial or at sentencing, there could be things occurring that possibly would be error if brought to the court's attention, and it's the duty of the litigants to bring it to the court's attention. Which litigant? I'm sorry? My question is, which litigant? Wasn't it the government's burden to bring to the attention of the court the statute that was involved? Based on Bonilla-Montenegro, if this was a de novo review case, I think you're right. But here's the problem is you've got a district court who's only being asked to resolve, hey, do you need to serve one year in prison in order for this to be a crime of violence? And the district court judge role, you can tell that that's the only thing that was raised because he just notes, I find, based on the probation department finding that this is a 16-level increase, the defendant has a crime of violence, which is a felony. It's a felony assault conviction when the defendant punched his girlfriend in the face. And that's what the district court finds. Nobody is saying, hey, that's wrong. And then he notes, I believe the 16-level increase is appropriate because the assault conviction does qualify as a crime of violence. It was a felony conviction, and it's not dispositive or crucial that there have been any particular sentence as far as imprisonment imposed. But the district court judge is not permitted to look at the probation and sentence report. I'm sorry? The district court judge is not permitted, is he or she, to look at the probation and sentence report unless he goes through the analysis of the categorical approach. And this was not done in this case. It was not done in this case. I agree with you there. To cut to the chase, then, if I'm reading you correctly, I think that there are insufficient, there's insufficient evidence for this court to engage in a de novo review about whether or not this crime met the categorical or not categorical approach. I think it would need to be remanded. It should be remanded. Again, I would urge this court to look at it differently under a plain error review. But if you don't do that, then I agree. What is the, what is it going to, don't you know you're the government? Don't you know what the crime of conviction is by now? I do. It's not in this record. Nope. But on remand, is it going to make any difference? Your Honor, I've looked at the statute of conviction that the defendant has cited and also the statutes, and I think we need to go to common law to get that definition of assault, which means looking at the Washington state law. And I think there's definitions there that would suggest this is still a crime of violence, but I would not encourage this court to engage in this kind of analysis first blush without having a JNC, without having the information, you know, all those things that you normally would have a district court look at to make this determination. I can cite a case in this court, I think the defendant actually has too, talking about the definitions of assault, an attempt with unlawful force to inflict bodily injury on another person. There's another definition, an unlawful touching of another with criminal intent. I think an unwanted touching is use of physical force. Putting another in apprehension of harm with or without intent to inflict the harm. I think this conviction speaks for itself that there was force inflicted here and that the defendant's conviction for assault was not one in which physical force was not used. And I think we could discern from the documents. But counsel is saying hypothetically maybe it was a misdemeanor in which he negligently punched her in the nose. I disagree. I disagree because. Well, it sounds ridiculous that someone could negligently punch your girlfriend in the nose, but twice. But that's what he's saying, is it negligently, and we don't know. Oh, as far as the mens rea you mean. Oh, I'm sorry, I thought you were talking about the felony. In other words, maybe this statute never, maybe if we looked at the underlying conviction, it never did qualify as a felony. Maybe it was a wobbler. And maybe it was a misdemeanor. Maybe, maybe, that's all we hear is maybe. But the problem is we don't know. Well, what we do know is that it's a Class C felony. We do know that. How do we know that? Well, again, talking, you've asked us questions about what's not in the record. I can tell you the JNC shows that it's a Class C felony, and the statute says that to be convicted of this. You say JNC. Are you talking about the state or the? State. The state. I'm sorry, I shouldn't call it a JNC. The judgment from the state court shows that he was convicted of a Class C felony. So we know it's a felony. It's just a question of whether the assault would qualify as a crime of violence. Because assault is not specifically listed as one of those include crimes, you know, we have to then go to that analysis about whether it contains the use or threatened use of physical force. Well, wait a minute. It is a crime of violence under the guidelines because the guidelines says in offense it has an element, the attempted use or threatened use of physical force against the person. Right. So the only issue is whether it meets that is what I'm saying. And I think based on the definitions of assault, it would meet that. I'm just hesitant because Your Honor doesn't have the JNC in front of it, you know, whether this should be reviewed for the first time in front of this court. The JNC you're talking about is the state court conviction. State court, sorry. And that's not a record. Correct. That's just what you think would be shown on remand. Yes. And there's also an information that we could submit as well to show what the defendant was charged with. But here's the bottom line is, again, I think on plain error review, which is what this is, that an error, the Eleventh Circuit even said this best, and I cited that in a 28J letter, if the guideline was possibly ambiguous, and the defendant is saying it's ambiguous, and where he didn't dispute the guideline was met below, even if the guideline was ambiguous and erroneously applied, there could be no plain error because any ambiguity would mean the error was not plain. And then they quote, an error cannot be plain if such error is not obvious or clear under current law. Does the district judge have an independent obligation to perform the categorical and quasi-categorical analysis under Taylor and the other cases? You know, I don't think so. The reason I don't think so is I think the district court, and I suppose you want to also consider where we're coming from, Tucson, lots of immigration cases, hundreds of them, thousands of them, that if the probation department, an arm of the court doing its job, says that this is a 16-level enhancement and there's a sufficient, I think that if there's a sufficient allegation, the PSR, a district court can credit that if there's no objection, just like if there was no objection to the acceptance of responsibility points or the minor minimum role adjustments. You have a case that supports that proposition. The one that the PSR should? Yeah, that the district court can just look directly. I have not found a case where it hasn't been objected to below where on plain error review you can just credit what the record was below, which would include the PSR. But I think that's so important because a district court can rely on the probation department's assessment and the probation department has the underlying paperwork. If an objection is raised then at that point, you know, there could be more evidence presented. There could be the underlying judgments of conviction, the underlying information, a plea agreement, the things that we engage in when there's an objection raised. Yeah, on the other hand, that kind of leads us, if that's the way it's going to work, you can just smell what might happen, that is to say the probation department will have the underlying papers but it doesn't feel any great obligation to put them in until they're asked for. Well, I'd like them to put them in there irrespective. I mean, just generally when we do disclosure, and I think this is probably the way the U.S.A.s do it, you give these documents over to the defense. If there is a legitimate claim that this does not meet the test, I think that they should say something, yes. And also, I mean, the government has a desire as well. I mean, obviously we have ethical duty to do justice. If it's brought to our attention that this person doesn't have a crime of violence conviction or something that would merit the enhancement, we also want to make sure the record's there to support it. Well, that's very nicely said, and I'm happy to hear you say that. But as I read the cases, the obligation of the district court judge is to use the categorical approach. Only if this does not apply, then you go on to the modified categorical approach where you cannot even look at the probation and sentence report. For the modified documents. Charging papers and so forth. So district court judge would be leaping ahead to something without first going through the analysis that's required. Wouldn't that be so? Leaping ahead, you mean like? Using the probation and sentence report. You just said unless someone objects. But it may well be, and using the categorical approach, this is a wobbler and this was a misdemeanor, I mean, would be ranked not as a felony. And therefore you don't even go to the modified categorical approach. Well, if it's a felony, again, I don't think there was any dispute that this crime was a felony as set forth. It is. When you go on to the modified approach, you can't use the probation and sentence report. I don't know you can't. You can use the charging documents. Correct, yes. The Corona Sanchez analysis. And the plea agreement and so forth. But you cannot use the probation and sentence report. So under your theory, unless we have some very sharp lawyers watching, improper documents would be used in making those determinations. Anyway, you suggested that unless someone objects, that I was just following up on that. No, I understand. And you're right in the sense that I guess all I can say is during trials all the time, you have situations where there could be error occurring. And unless somebody brings it to somebody's attention, you can't cure it below. And I think it's wrong to ask this court to do so for the first time on appeal. I think that if the district court is presented with a PSR that shows that this particular defendant was convicted of assault in violation of a court order where he previously assaulted his girlfriend, and underlying facts show that he punched his girlfriend in the face, it's reasonable for a district court to assume that he was convicted of a crime where the use of force occurred. Why shouldn't the government say so and bring that specific statute? The burden's on the government. The burden's not on the defendant. Your Honor, I agree that in the wake of Bonilla-Montenegro, that the burden's on the government. How I read this case, as long as we agree on that, I'm happy. Yeah, I think we do, Your Honor. All right. Thank you. Thank you. We'll give you a moment for rebuttal. I'm sorry, I didn't hear you, Your Honor. We'll give you a moment for rebuttal. I appreciate it. Yeah. I think Portillo-Mendoza, the case cited in our reply brief, answers the question. There was no objection by the defendant in that case about the nature of the underlying conviction. This Court raised it sua sponte and said it is the duty of the Court to look at the statute to see if it's overly inclusive or not. The Huerta-Guevara case that we just cited that came out recently, I think it was on Monday or last week, that also says that it is the government's burden of proof below. And that was an INS case, but they had the burden in that case as well. And the Court said, given those two things, that it's the Court's duty to look at it, and it's the government's burden to prove, it will review the error. With respect to Judge Elsa, I didn't mean to be avoiding your question. It is true, and I've reviewed the disclosure. I've reviewed the JNC that Ms. Calvinius has referred to. It will tell you that he was convicted of violation of a court order and that it is a Class C felony. The issue, though, is not about whether force was used. The issue then becomes whether it was a felony, and I'm talking about the underlying assault, the one that qualifies for the enhancement. We can't just look at the violation of the court order statute. This Court said this in Corona Sanchez. It said it more recently in Ballesteros Ruiz, that you have to look at the offense that actually qualifies for the enhancement. And if we do that, I don't think the government's going to be able to prove that it is any more than either a misdemeanor simple assault, which is not a felony and therefore would not qualify for a 16-level enhancement, and it would not be able to prove alternatively that it was nothing more than a negligent assault. The Washington Code statutes specifically talk about negligent assault. Could I offer one last comment? I appreciate it. I think if the Court uses the holistic approach to statutory construction and if it does more than just read it in isolation, if it looks at the intent, if it looks at the history of this guideline in connection with the aggravated felony statute, if it looks at the structure of it, and it also looks at the consequence of the public policy behind this, as well as the consequences, it will come to the conclusion, as the other courts have come, that it should be read as the Sentencing Guideline Commission intended it, only to apply to aggravated felonies. Thank you. Thank you very much, Counsel. Thank you both for helpful arguments in the second case as well. Pimientel-Flores will now be submitted.
judges: Dw Nelson, W. Fletcher, Alsup